IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED
8/9/2024
LAURA A. AUSTIN, CLERK
BY: /s/ C. Kemp
DEPUTY CLERK

| | |
|---|---|
| KELLY JAMES CLARK, JR., ) | |
| ) | |
| Plaintiff, ) | Case No. 3:20-cv-00017 |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CORRECTIONAL OFFICER KEVIN ) | By:  Hon. Thomas T. Cullen |
| CARL and CORRECTIONAL OFFICER ) | United States District Judge |
| COLBY MILLER, ) | |
| ) | |
| Defendants. ) | |

This matter is set for trial on trial on August 21–22, 2024, in at the United States District Court in Harrisonburg, Virginia. On August 9, 2024, the court held the final pretrial conference ("PTC") with the parties. Plaintiff Kelly James Clark, Jr. ("Plaintiff") was present and represented by counsel; Defendants Kevin Carl and Colby Miller (together, "Defendants") appeared by counsel.[1] Consistent with the court's rulings on the record at the hearing, it is hereby **ORDERED** as follows:

- Plaintiff's objections to Defendants' disclosure of medical records (ECF No. 161) and Defendants' objections to Plaintiff's disclosure of medical records (ECF No. 160) are **SUSTAINED IN PART** and **OVERRULED IN PART**. Specifically:

    o Plaintiff's medical records may only be introduced into evidence and used in the manner outlined by the court on the record at the PTC; and

    o Plaintiff's discovery responses and deposition testimony may be introduced as substantive evidence, *see* Fed. R. Evid. 801(d)(2)(A)

---

[1] During the PTC, Plaintiff terminated his counsel. The court will rule on counsel's motion to withdraw via separate Order.

- Plaintiff's motion *in limine* (ECF No. 156) ("the motion") is **GRANTED IN PART** and **DENIED IN PART**. Specifically:

    - As to body-camera footage of Plaintiff's interaction with Deputy Sheriff Tommy Payne, the motion is **GRANTED**;

    - As to evidence related to Plaintiff's state-court criminal proceedings and records, the motion is **GRANTED IN PART** and **DENIED IN PART**. That evidence may only be used for impeachment purposes, *see* Fed. R. Evid. 609(a)(1)(A), (b);

    - As to the threat assessment prepared regarding Plaintiff, the motion is **GRANTED IN PART** and the parties are **ORDERED** to redact the phrases "officer involved" and "so the decision was made to apply restraints to CLARK anticipating he could potentially wake up violent" prior to introduction of the threat assessment into evidence at trial; and

    - As to the request to exclude witnesses Deputy Sheriff Tommy Payne, Brian Bachert, and Rebecca Rouse,[2] the motion **GRANTED** as to Payne and **DENIED** as to Bachert and Rouse.

The Clerk is directed to forward a copy of this Order to the parties.

**ENTERED** this 9th day of August, 2024.

*/s/ Thomas T. Cullen*

HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[2] As represented by the parties at the PTC, challenges to other witnesses are either moot or have been resolved.