CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

August 12, 2024

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| KELLY JAMES CLARK, JR., | |
| Plaintiff, | Case No. 3:20-cv-00017 |
| v. | **ORDER** |
| CORRECTIONAL OFFICER KEVIN CARL and CORRECTIONAL OFFICER COLBY MILLER, | By: Hon. Thomas T. Cullen United States District Judge |
| Defendants. | |

On August 9, 2024, the court held a final pretrial conference for the trial that is scheduled for August 21–22. Plaintiff Kelly James Clark, Jr. ("Plaintiff") appeared at that hearing along with his counsel. But during that hearing, Plaintiff attempted to speak out of turn and interrupt the proceedings. Although he was attending virtually from Deerfield Correctional Center, he waved at the camera, waved papers, and when admonished by the court that he was represented by counsel and that they should speak on his behalf, repeatedly stated "I've got something to say." Thereafter, Plaintiff got up and left the room in which the videoconferencing equipment was set up for his attendance. The court asked the correctional officer to retrieve Plaintiff and declared a short recess to permit him to confer with his counsel. After the recess, his counsel informed the court that Plaintiff had terminated them and sought leave to withdraw. Consistent with that request, they have now filed a written motion seeking to withdraw. (ECF No. 172.)

Because Plaintiff has expressed an unwillingness to cooperate with his counsel or accept their services, that motion is **GRANTED**. The court requests that counsel provide a

copy of the transcript of the final pretrial conference to Plaintiff prior to terminating their representation of him. The Clerk is directed to arrange for Joshua Erlich, Esq., and Katherine Herrmann, Esq., to continue to receive ECF notices for this case so that they may facilitate provision of the transcript.

As a result of his rash decision, Plaintiff is now proceeding *pro se*, and the currently scheduled trial will not be continued to permit him to seek and retain new counsel.[1] Moreover, Plaintiff is expressly warned that, should he refuse the previously arranged transport to the trial and/or otherwise refuse to participate in the trial, this case **will** be dismissed with prejudice. *See* Fed. R. Civ. P. 41(b). Moreover, Plaintiff is directed to review the transcript of the final pretrial conference carefully—including the portions that occurred after he stormed out of the final pretrial hearing—to ensure that he understands and abides by the court's rulings and trial procedures. Similar antics or outbursts at the trial **will** result in sanctions, up to and including his exclusion from the courtroom and/or dismissal of his case with prejudice.

---

[1] Plaintiff has been represented by three sets of attorneys during the pendency of this protracted litigation. Although Plaintiff initiated this lawsuit and filed an amended complaint *pro se*, he indicated that he had been assisted by Terrance Robinson, Esq. At the court's direction—after it granted a motion to dismiss the amended complaint—Mr. Robinson noted an appearance (ECF No. 34) and filed a second amended complaint on Plaintiff's behalf (ECF No. 39). Mr. Robinson defended against a motion to dismiss the second amended complaint, conducted discovery, and litigated the motion for summary judgment. Plaintiff apparently terminated Mr. Robinson's representation following the court's order granting the motion for summary judgment. (*See* ECF No. 129.) Another attorney—Susan J. Clouthier, Esq.—represented Plaintiff in his appeal. After this case was remanded by the Fourth Circuit on the claim involving Defendants Carl and Miller, Ms. Clouthier indicated she was not retained to represent Plaintiff on remand, and the court gave Plaintiff extended leave to retain new counsel. Eventually, Joshua Erlich, Esq., and Katherine Herrmann, Esq., noted their appearances as counsel of record for Plaintiff (*see* ECF Nos. 138, 141) and worked diligently to prepare this matter for trial. Among other things, they filed detailed objections to Defendants' pretrial disclosures and an omnibus motion *in limine* seeking to limit and exclude various evidence. Plaintiff made his hasty decision to terminate his trial attorneys during the final pretrial conference, as they were arguing these evidentiary issues on his behalf. Plaintiff, in sum, has had more than ample opportunity to utilize counsel in this matter, and the court will not entertain a motion to continue the trial on the basis that he needs additional time for this purpose. The events underlying this suit are nearly eight years old, and further delay will prejudice Defendants and thwart the fair and efficient administration of justice. Plaintiff is still entitled to his day in court on his remaining claim, but he must be prepared to prosecute that claim *pro se*.

The Clerk is directed to forward a copy of this Order to the parties.

**ENTERED** this 12th day of August, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE
