UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

KELLY JAMES CLARK, JR.,

        Plaintiff,

v.                                                Civil Action No. 3:20-cv-00017-TTC

DEPUTY GLENN TOMMY PAYNE, et al.,

        Defendants.

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

Defendants Colby Miller ("Miller") and Kevin Carl ("Carl") (collectively, the "Defendants"), by counsel and pursuant to the Trial Order (ECF No. 147) and the Court's order during the Final Pretrial Conference on August 9, 2024, hereby submit the following proposed jury instructions and proposed verdict form.

Respectfully submitted,

KEVIN CARL and COLBY MILLER

By Counsel

/s/ Rachel W. Adams
William W. Tunner, Esq. (VSB No. 38358)
Rachel W. Adams, Esq. (VSB No. 92605)
*Thompson*McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, VA 23219
Telephone: (804) 649-7545
Fax: (804) 780-1813
Email: wtunner@t-mlaw.com
Email: radams@t-mlaw.com

*Counsel for Defendants Kevin Carl
and Colby Miller*

## Instruction D-1
### (Overview of Case)

      In this case, the plaintiff Kelly James Clark, Jr. claims injury from an alleged incident on December 30, 2016 at the University of Virginia Hospital, while he remained under guard as a pretrial detainee by Officer Colby Miller and Officer Kevin Carl. Plaintiff alleges that he entered a separate room with the officers and was tackled causing him injuries. Plaintiff asserts one claim under the Fourteenth Amendment of the U.S. Constitution regarding the use of force employed by Officer Colby Miller and Officer Kevin Carl.

      Officers Miller and Carl deny that this incident occurred, deny that any evidence other than his own testimony supports his claim, and deny that they engaged in any wrongful conduct with respect to the plaintiff and, accordingly, deny liability for the claim plaintiff asserts against them.

Kevin F. O'Malley, et al., 3 Federal Jury Practice and Instruction § 101:03 (6th ed.).

## INSTRUCTION NO. D-2
**(Verdict must be based on evidence)**

You must not base your verdict in any way upon sympathy, bias, guesswork, or speculation. Your verdict must be based solely upon the evidence and instructions of the court.

Virginia Model Jury Instruction No. 2.220

# INSTRUCTION NO. D-3
**(Impeachment by Conviction of Felony)**

A witness may be discredited or impeached by evidence that the witness has been convicted of a felony, that is, an offense punishable by death or imprisonment for in excess of one year.

If you believe that any witness has been impeached and thus discredited, it is your exclusive responsibility to give the testimony of that witness such credibility, if any, as you think it deserves.

Kevin F. O'Malley, et al., 3 Federal Jury Practice and Instruction § 105:05 (6th ed.)

**INSTRUCTION NO. D-4**
**(Section 1983 Federal Constitutional Claim – Fourteenth Amendment)**

  The plaintiff Kelly James Clark, Jr. alleges that Officer Colby Miller and Officer Kevin Carl deprived the plaintiff of his Fourteenth Amendment rights under the United States Constitution. In order to prevail against a defendant on a Fourteenth Amendment claim, pursuant to 42 U.S.C. § 1983, the plaintiff must prove each of the following elements by a preponderance of the evidence as to each of the defendants:

  1. the defendants acted under color of state law; and

  2. the conduct of the defendants deprived the plaintiff of particular rights under the Fourteenth Amendment of the United States Constitution; and

  3. the defendants' conduct was the proximate cause of the claimed injury.

  A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

9th Circuit Model Jury Instruction 9.3 (modified); 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

# INSTRUCTION NO. D-5
## (Section 1983 Federal Constitutional Claim – Fourteenth Amendment)

Under the Fourteenth Amendment, a person has the right to be free from an objectively unreasonable use of force that amounts to punishment. In order to prove the defendants deprived the plaintiff of this Fourteenth Amendment right, the plaintiff must prove the following elements by a preponderance of the evidence:

1. The defendants used force on the plaintiff;

2. The defendants' use of force was objectively unreasonable; and

3. The defendants' conduct was the proximate cause of the claimed injury.

In determining whether force was reasonable or unreasonable, consider all of the circumstances, including:

(a) The relationship between the need for the use of force and the amount of force used;

(b) The extent of the plaintiff's injury;

(c) Any effort made by the officer to temper or limit the amount of force;

(d) The severity of the security problem at issue;

(e) The threat reasonably perceived by the officers; and

(f) Whether the plaintiff was actively resisting.

*Kingsley v. Hendrickson,* 576 U.S. 389, 397 (2015); *Simmons v. Whitaker*, 106 F.4th 379, 387 (2024).

# INSTRUCTION NO. D-6
## (Compensatory Damages)

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not defendants should be held liable.

If you find either defendant liable, then you must consider the issue of compensatory damages. You must award plaintiff an amount that will fairly compensate him for any injury he actually sustained as a result of the conduct of the defendant.

Plaintiff must show that the injury would not have occurred without defendant's act. Plaintiff must also show that defendant's act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of defendant's act. There can be more than one cause of an injury. To find that defendant's caused plaintiff's injury, you need not find that defendant's act was the nearest cause, either in time or space. However, if plaintiff's injury was caused by a later, independent event that intervened between defendant's act and plaintiff's injury, defendant is not liable unless the injury was reasonably foreseeable by defendant.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

Plaintiff claims the following items of damages:

Bodily injury, pain, suffering, and emotional distress.

3d Cir. Model Civil Jury Instruction 4.8.1 (modified)

## **INSTRUCTION NO. D-7**
**(Compensatory Damages Mental/Emotional Distress)**

To recover compensatory damages for mental and emotional distress, Plaintiff must prove that he suffered demonstrable emotional distress, which must be sufficiently articulated; neither mere statements that the plaintiff suffered emotional distress nor the mere fact that a constitutional violation occurred supports an award of compensatory damages.

*Randall v. Prince George's Cnty., Md.*, 302 F.3d 188, 209 (4th Cir. 2002) (citing *Price v. City of Charlotte, North Carolina,* 93 F.3d 1241, 1254 (4th Cir.1996)).

## DEFENDANTS' PROPOSED VERDICT FORM

## LIABILITY

### Fourteenth Amendment Claim

Do you find that the plaintiff, Kelly James Clark, Jr., has established by a preponderance of the evidence that:

Colby Miller used objectively unreasonable force on Kelly James Clark, Jr.?  Yes   No (circle one)

Kevin Carl used objectively unreasonable force on Kelly James Clark, Jr?  Yes   No (circle one)

**If you answered "no" to all of the above questions, your job is finished.  The jury foreperson should turn to the certification section at the end of these pages, sign and date the document, and signal the courtroom deputy that your deliberations have ended.**

**If you answered "yes" to any (or all) of the above questions, you must also answer the following questions, which will establish the amount of damages to be awarded to the Plaintiff.**

## DAMAGES

### Compensatory Damages

We find that Plaintiff Kelly James Clark, Jr., has established, by a preponderance of the evidence, that he is entitled to the following sum as compensatory damages against the Defendants found liable above:

$_____

### Interest

We award the Plaintiff interest as provided by law from August ___, 2024 to date.

9

## **CERTIFICATION**

I certify that the foregoing responses represent the unanimous verdict of the jury empaneled to consider this matter.

_____          _____
DATE                                                            SIGNATURE OF FOREPERSON

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of August 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System.

I further certify that on the 14th day of August 2024, I delivered the forgoing to the *pro se* plaintiff via U.S. first class mail postage prepaid:

Kelly James Clark, Jr.
Inmate No. 1082759
VDOC Centralized Mail Distribution Center
3521 Woods Way
State Farm, VA 23160

*Plaintiff, pro se*

By: /s/ Rachel W. Adams
Rachel W. Adams, Esq. (VSB No. 92605)
*Thompson*McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, VA 23219
Telephone: (804) 649-7545
Fax: (804) 780-1813
Email: radams@t-mlaw.com

*Counsel for Defendants Kevin Carl and Colby Miller*